# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEREMY M. WINE,

          Plaintiff,

v.                         Case No. 14-CV-0838

WILLIAM POLLARD, ET AL.

          Defendants.

## ORDER

      The plaintiff, Jeremy Wine, is a state prisoner proceeding *pro se* on Eighth Amendment failure to protect claims under 42 U.S.C. § 1983. On May 18, 2015, the court entered a Scheduling Order setting a discovery deadline of September 18, 2015, and a dispositive motion deadline of October 19, 2015. Shortly after the court entered the Scheduling Order, the parties filed a flurry of motions. Wine filed a motion to amend the complaint to identify defendants previously named as John and Jane Doe. Both Wine and the defendants filed motions for protective orders. And Wine filed a motion to compel and a motion for appointment counsel. On September 3, 2015, the defendants filed a motion to compel Wine to sign a medical authorization release. The defendants

filed a motion for summary judgment on October 19, 2015. Wine filed a motion to stay the summary judgment proceedings on November 18, 2015.

### Plaintiff's Motion to Amend Pleadings to Add Parties

Wine asserts that he diligently reviewed records to identify those individuals who failed to protect him from assaults, threats, and harassment by other inmates. He provides the names of thirteen individuals he wants to add as defendants to replace the parties previously identified as John Doe and Jane Doe.

The motion was timely filed. Although Wine could have been more specific regarding the personal involvement of each defendant, he has said enough to state a claim against each of them. The court will grant Wine's motion and add these thirteen individuals as defendants in this action. The court will order service under its service agreement with the State, and these new defendants must answer Wine's complaint and submit forms either consenting or not consenting to U.S. Magistrate Judge jurisdiction.

### Stipulated Motion for a Protective Order and Plaintiff's Motion to Compel

Next, the court will consider the parties' stipulated motion for a protective order and Wine's motion to compel. The parties have agreed to a process whereby documents may be designated "Confidential." They have outlined procedures for the designation and disclosure of confidential information and its use at trial. They have also set forth limitations on the protective order and the process by which it can be modified.

Under Civil Local Rule 26(e), "[a]ll motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause." Within their stipulation, the parties touch on the good cause underlying the request. This includes the potential for disclosure of personal information concerning Wine or other inmates or current or former employees of the Wisconsin Department of Corrections. The court will grant the parties' motion for a protective order with the terms set forth in the parties' stipulated protective order.

The resolution of that motion should moot Wine's motion to compel. In his motion to compel, Wine represents that the defendants would not give him documents in response to his requests for production of documents until the court entered the protective order. In light of the court's approval of the protective order, the defendants should make sure that Wine receives responses to his discovery requests, including documents produced, within 10 days of this Order.

<u>Plaintiff's Medical Authorization Release</u>

Wine filed a motion seeking a protective order blocking and denying the defendants access to his medical and psychological records. In turn, the defendants filed a motion to compel, asking the court to dismiss this case with prejudice if Wine refuses to sign an authorization.

Wine expressed valid concerns regarding the unfettered access requested by the defendants. The request is overly broad and would give the defendants access to

3

records that have no relevance to this lawsuit and disclose Wine's private medical information that is protected by state and federal law. The defendants have failed to specify what records they are seeking and how they might be relevant.

The court will deny the defendants' motion to compel and grant Wine's motion for a protective order. Wine does not need to sign an unlimited release authorizing the defendants to access all of his medical and psychological records.

The court cautions Wine, though, that he must produce to the defendants (or allow them to access to) any medical or psychological records that he intends to rely on to support his case. According to his complaint, Wine has been threatened and assaulted. If he has documentation in his medical or psychological records of any threats or of medical treatment for injuries resulting from assaults, those records would be relevant and should be produced to the defendants.

## Summary Judgment

As mentioned above, the defendants filed a motion for summary judgment on October 19, 2015. Rather than respond, Wine filed a motion to stay the summary judgment proceedings pursuant to Federal Rule of Civil Procedure 56(D)(2). As grounds for his motion, Wine refers to the pending motions regarding discovery filed by both parties and the fact that he will not be allowed to review the defendants' discovery responses until the court enters the stipulated protective order.

The court has considered a stay of the defendants' motion for summary judgment but believes a fresh start would be best procedurally and for the parties. The court will deny the defendant's motion for summary judgment without prejudice and with leave to refile. This will provide the defendants an opportunity to incorporate the new defendants in their motion. When they file a new motion for summary judgment, the defendants may rely on the supporting documents already filed if they so choose.

## Plaintiff's Motion to Appoint Counsel

Finally, the court will consider Wine's motion to appoint counsel. He represents that he is terminally ill and has been diagnosed with an aggressive form of cancer. When he filed his motion, Wine was preparing for a liver transplant, chemotherapy, and radiation. According to Wine, his illness (and the treatment) causes him to be repeatedly hospitalized and he has a sudden inability to write legibly for long periods of time without blacking out. He argues that the defendants' attorney has ignored two letters he sent regarding settlement of this lawsuit. He also submits that the stipulated protective order shows that there is information relevant to this case that the defendants are not comfortable releasing to an inmate. Finally, Wine asserts that the complexity of the case will go beyond his knowledge of computers and DOC contracts and that the case may require confidential information and expert witnesses.

In the alternative, if the court denies his motion to appoint counsel, Wine asks the court to order defendants Wall and Jess to: (1) allow Wine to order a laptop computer

5

with voice recognition software and printer and to possess it to prepare legal documents and letters for the duration of the litigation to accommodate Wine's disabilities; or (2) provide Wine with a laptop computer with voice recognition software and printer to possess and use during the litigation to accommodate his disabilities.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Wine's motion does not meet the threshold requirement of showing a reasonable attempt to secure private counsel on his own. This usually takes the form of the names and addresses of attorneys to whom a *pro se* litigant has written asking for representation and/or letter responses received from attorneys.

However, even if Wine had met the threshold requirement, the court would still conclude that the difficulty of this case does not exceed this particular plaintiff's capacity to present it. *See Navejar*, 781 F.3d at 696. Wine has described very serious medical conditions and treatment but, despite those limitations, he has continued to competently litigate this case. In fact, his most recent motion to stay the summary judgment proceedings shows an understanding of the Federal Rules of Civil Procedure. Wine's ability to find and apply the rule regarding staying a motion for summary judgment so that another party can conduct additional discovery demonstrates his level of skill and understanding of his case and legal procedure. For these reasons, the court concludes that Wine will be able to respond to a renewed motion for summary judgment if he is given time to review the documents produced in discovery, conduct additional discovery, and prepare his response. The court will deny Wine's motion to appoint counsel.

The court also will deny Wine's alternative requests regarding the prison purchasing for him or allowing him to purchase a laptop computer with voice recognition software and a printer. Courts must "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003). The court will not order the defendants to provide Wine

with special equipment to litigate this case because property restrictions are a complicated matter for prison administrators. The court will not delve into them where, as here, other accommodations like additional time will suffice.

Instead, the court will provide Wine with ample time to review the defendants' discovery responses, conduct additional discovery, and respond to the defendants' new motion for summary judgment when it is filed. The court will set forth new deadlines for discovery and dispositive motions below.

Wine should focus on the factual underpinnings of his claims and the personal involvement of each named defendant. The court set forth the standard for an Eighth Amendment failure to protect claim in its order screening Wine's complaint:

> The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to "take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). "To state a claim premised on prison officials' failure to protect him from harm, [plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id.* The question of defendants' culpability is subjective, but the risk is evaluated on an objective basis - the allegedly dangerous prison condition must deprive an inmate of "the minimal civilized measures of life's necessities." *Id.* "An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Id.*
>
> In the subjective stage of the inquiry, deliberate indifference is "something approaching a total unconcern for [plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*,

> 959 F.2d 673, 677 (7th Cir. 1992). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

(ECF No. 13 at 5-6).

Wine's primary task in responding to a motion for summary judgment will be to present factual details regarding any threats or assaults he endured due to his name appearing in case that could be found on Lexis Nexis in the prison, as well as information about specific defendants who knew of his "particular vulnerability" and exposed him to that risk anyway. *See Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005); *see also Wright v. Miller*, 561 Fed. Appx. 551, 555 (7th Cir. 2014). Any evidence presented must be in admissible form, which means affidavits or unsworn declarations under 28 U.S.C. § 1746.

**IT IS THEREFORE ORDERED** that Wine's motion to amend pleadings to add parties (ECF No. 26) is **granted**.

**IT IS FURTHER ORDERED** that the following individuals are **added** as defendants to this action: Lt. Shane Waller, Sgt. Jeff Perry, Sgt. Ronzani, Captain Olson, Sgt. Larson, Sgt. Sowers, Lt. Heideman-Johnson, Captain O'Donovan, Pamela Zank, Sgt. Kelly Beasley, CO II Rosenthal, Captain Radtke, and Sgt. Hadke.

**IT IS FURTHER ORDERED** that defendant John/Jane Doe is **terminated**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's

complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the new state defendants: Lt. Shane Waller, Sgt. Jeff Perry, Sgt. Ronzani, Captain Olson, Sgt. Larson, Sgt. Sowers, Lt. Heideman-Johnson, Captain O'Donovan, Pamela Zank, Sgt. Kelly Beasley, CO II Rosenthal, Captain Radtke, and Sgt. Hadke.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the new defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the new defendants shall file a form indicating whether they consent to U.S. Magistrate Judge jurisdiction within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that Wine's motion for protective order (ECF No. 27) is **granted**.

**IT IS FURTHER ORDERED** that the parties' stipulated motion for protective order (ECF No. 28) is **granted**. The defendants shall provide Wine with their full discovery responses within 10 days of this Order.

**IT IS FURTHER ORDERED** that Wine's motion to compel (ECF No. 29) is **denied**.

**IT IS FURTHER ORDERED** that Wine's motion for appointment of counsel (ECF No. 30) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the defendants' motion to compel plaintiff to sign medical authorization (ECF No. 34) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (ECF No. 36) is **denied without prejudice** and with leave to refile.

**IT IS FURTHER ORDERED** that Wine's motion to stay summary judgment proceedings (ECF No. 51) is **denied**.

**IT IS FURTHER ORDERED** that all discovery requests must be served by **Monday**, **February 22, 2016**.

**IT IS FURTHER ORDERED** that all motions for summary judgment shall be filed no later than **Friday, April 22, 2016**.

Dated at Milwaukee, Wisconsin this 21st day of December, 2015.

_WILLIAM E. DUFFIN_
U.S. Magistrate Judge